IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES R.WASHINGTON,
 Plaintiff,

V.

Case No. 23-cv-134-wmc

LAURA SUKOWATY, ALANA ACKER,
R.WEINMAN,

 Defendants.

### 42 U.S.C. §1983 CIVIL RIGHTS COMPLAINT FOR MONEY DAMAGES AND A DEMAND FOR A BENCH TRIAL

I. JURISDICTION

1. Plaintiff brings this lawsuit pursuant to 42 U.S.C. §1983. This Court has jurisdiction under 28 U.S.C. §§1331 and 1343. Plaintiff also seeks declaratory judgment pursuant to 28 U.S.C. §2201.

II. VENUE

2. The Western District of Wisconsin is an appropriate venue under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

III. PARTIES

3. Plaintiff James R.Washington ("Plaintiff" or "Washington") hereafter) was at all times relevant to this action a prisoner incarcerated at the Columbia Correctional Institution (CCI),located at Portage,WI; and was and is a citizen of Wisconsin.

4. Defendant Laura Sukowaty was at all times relevant to this action a citizen of Wisconsin; and she was employed by the Wisconsin Department of Corrections (DOC), BUreau of Health Services

(1)

(BHS) as Assistant Medical Director(AMD). As such she was primarily responsible for prescribing medications. She is sued in her Individual capacity.

5. Defendant Alana Acker was at all times relevant to this action a citizen of Wisconsin; and was employed by the DOC as a Health Service Unit Mananger. As such she was primarily responsible for the order of operations of the Health Service Unit and dispensing medications to prisoners. She is sued in her individual capacity.

6. Defendant R.Weinman was at all times relevant to this action a citizen of Wisconsin; and was employed by the DOC as a Register Nurse (CCHP) Nursing Coordinator and Reviewing Authority for medical claims filed with the Inmate Complaint Examiner. As such his order of operations are primarily responsible for wound care and dispensing medications to prisoners as well reviewing inmate complaints that are medical in nature as the Reveiwing Authority. He is sued in his individual capacity.

7. All of the above named Defendants were acting or failed to act under color of federal and state law as alleged below.

IV.  ALLEGATIONS OF FACT

8. Plaintiff Washington is a 43 year old African American Male who has been incarcerated in the Wisconsin Divison of Adult Insttution since 2010.

9. Plaintiff Washington diagnoséd medical conditions consist of Bilateral cam-type Femoral Acetabular Impingement(Ex#1),Minimal greater trochanteric bursitis of the right hip(Ex#2),(Ex#3)as well

(2)

the left hip.Disc herniation at the L3-L4 and the L4-L5(Ex#4)(Ex#4a) Multilevel degenerative disc disease of the lumber spine most advanced at the L3-L4 and L4-L5,mild bilateral neuroforaminal narrowing,the traversersing left nerve roots are contacted(Ex#5)(Ex#5a), Left L5 radiculopathy,chronic without active denervation(Ex#6)(Ex#6a)(Ex#6b)(Ex#7)(Ex#7a)(Ex#7b),Progressive moderate to severe degenerative disc disease L3-5,Significant L4-5 posterior disc bulge with some compromise of the neural foramina,moderate symmetric facet arthropathy,with a slight decrease in the degree of disc bulge at L4-5(Ex#8)

10. Plaintiff Washington is diagnosed with medical conditions that consist of Congenitally small cervical spinal canal which will exacerbate the findings of spondylosis,multilevel cervical spondysis Central cervical stenosis C3-4,C4-5 and C5-6 most marked on the right at C5-6(Ex#9)(Ex#10)(Ex#10a)(Ex#11)(Ex#11a)(Ex#11b)(Ex#12)(Ex#12a)(Ex#12b),all resulting in permanent chronic and intense and severe nerve pain.

11. Plaintiff Washington while being incarcerated have been on several medications that consist of Tramadol,Gabapentin(Ex#13)(Ex#13a) and Lyrica (Pregabalin) for his overall Chronic pain that was prescribed by outside pain management specialists.

12. Plaintiff Washington was subjected to a Urine Test on November 14,2022. After taking the test it was discovered that he failed the test and that it came back positive for cocaine. Hours later after being positive for cocaine, Dr Laura Sukowaty sent Plaintiff Washington a Correspondence informing him that his Pregablin prescription was discontinued.(Ex#14).In the memo De-

fendant Sukowaty justified her reason for discontinuing this medication because Plaintiff violated the pain management agreement(DOC-3590)Form titled "Chronic Pain Management Agreement"(Ex#15),but the Plaintiff never had knowledge that such a form exist and knew that he never signed such an agreement(Ex#16).

13. Plaintiff Washington never received his dose for that day and was immediately discontinued without any investigation into this matter or Due Process. Defendant Sukowaty without a even minimal medical judgment and without the inform consent of Plaintiff, abruptly discontinued Plaintiff's prescription for Lyrica(Pregabalin).

14. Due to Plaintiff's Chronic and Severe pain, taking him off of the Lyrica by the Defendant Sukowaty, had an immediate effect of severe and excruciating pain for the Plaintiff, that made it hard to sleep at night.

15. In fact, the pain was so physically and emotionally traumatic that plaintiff wrote several Health Service Requests(HSRs) to the health Service Unit stating all of the areas of pain that were experiencing acute and severe pain and weeks went by without any medication. Defendant Sukowaty never begin the process of tapering me off this medication. I was never given any other medication until a month later that she known to be an ineffective medication because I was already approved for Tier 3 medication.

16. Defendant never came to see Plaintiff Washington after he reported having severe acute pain. Defendant Sukowaty cancelled the prescription completely on November 14, 2022, without a schedule to taper Plaintiff off the prescription safely or a plan to prescribe

(4)

Plaintiff another, less problematic pain killer for his pain or withdrawal symptoms, much less to address Plaintiff's ongoing chronic pain issues that are described in this complaint. Defendant Sukowaty was aware that when discontinuing Lyrica(Pregabalin) that long-term use of this medication can result in more acute symptoms that consist of restlessness, irritability, and nervousness, that can occur following abrupt withdrawal of pregabalin, where slow tapering after chronic pregabalin treatment is required. Plaintiff Washington was on the highest dosage where he took 300mg two(2) times a day morning and at bedtime, and Plaintiff has been taking this medication since October of 2021, when they switched all inmates medication from Gabapintin to Lyrica(Pregabalin). Defendant never during the whole monthprovide an adequate substitut to address the likely return of the severe overall pain that he was experiencing from multiple chronic pain conditions described in the body of this complaint.

17. Plaintiff Sukowaty failed to taper the Plaintiff off of this medication and failed to prescribe an alternative pain killer in a promptly manner or examine Plaintiff sooner and prolonged his pain unnecessarily, that cause unwanton pain. Defendant Sukowaty was irresponsible and deliberately indifferent not only for discontinuing the Lyrica(Pregabalin) without <u>Any</u> medical judgment or considerations, but even more so for <u>continuing</u> to deny the medication as a punishment rather than for minimal medical reasons. Defendant Sukowaty caused wanton and unnecessary infliction of pain that rise to a level of cruel and unusual punishment when she known that Plaintiff suffers from a serious medical condition and disregarded a substantial risk of serious harm and disregarded the risk by consciously failing to take reasonable measures to provide the Plaintiff with adequate care.

18. Defendant Robert Weinman violated the constitution when he turned a blind eye to Plaintiff's serious medical needs. Defen-Weinman as a Nursing Coordinator had access to the Plaintiff's medical file and knew that Plaintiff Washington had several chronic pain conditions because Plaintiff has filed several complaints about those matters.

19. Defendant Weinman and Defendant Acker failed to exercise his or her athority to intervene on behalf to rectify the situation suggesting they either approved of or turned a blind eye to Plaintiff's allegedlly unconstitutional treatment.As a Reviewing Authority Defendant reviews medical complaints and is in the position to correct matters but instead he rubber stamps the complaints and turns a blind eye to the Plaintiff requesting remedial action.

20. Defendants Weinman and Acker are aware of their conduct and actually facilitate it and approve of it and condone such a practice of disregarding Plaintiff's calls for help. Each official Actually knew and consciously turned a blind eye towards an obvious risk when the Lyrica medication was arbitrarily discontinued by Defendant Sukowaty.

21.Defendant Weinman was able to obtain actual knowledge of Plaintiff Washington's objectively serious medical conditions and inadequate medical care through Plaintiff Washington's coherent and highly detailed grievances and correspondences.Defendant Acker violated Plaintiff's Eighth Amendment when she failed to notify Defendant Sukowaty who had the authority to help the Plaintiff when he submitted Health Service Request complaining about his pain as well that the medication prescribed was ineffective.

V. CLAIMS

## COUNT 1

<u>Plaintiff Was Subjected To Cruel And Unusual Punishment And Denial Of Due Process Of Law In Violation Of The Eighth And Apply Any Medical Judgment</u>

22. Plaintiff incorporates paragraphs 1 through 21 as though they were stated fully herein.

23. Defendant Sukowaty violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment and denied due process of law contrary to the Fourteenth Amendment when, without any investigation and without any medical judgment whatsoever, she discontinued Plaintiff's Lyrica pain medication causing Plaintiff unnecessary excruciating physical and mental pain and suffering for three(3) months (November 14,2022 to February 14,2023)

24. Defendant Sukowaty violated Plaintiff's right to due process when she arbitarly discontinued Plaintiff's Lyrica(Pregabalin) by using the "Chronic Pain Management Agreement"(DOC-3590) to justify her reason for discontinuing the medication when she was aware of the fact that I never knew such form exist as well that she knew I never signed such an agreement and that such form did not exist within my HSU files. She used this discontinuance as a punishment and told me "You basically tied my hands behind my back"...This punishment was an alleged offense where I did not even was afforded due process first before taking the medication, rather than a medical need or necessity thus causing Plaintiff unnecessary excruciating physical and mental pain and suffering for three(3) months.

25. Defendant Sukowaty violated Plaintiff's Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment

(7)

and denial of due process of law when she discontinued Plaintiff's Lyrica(Pregabalin) pain medication without discussing the matter or consequences of the action and thus denying Plaintiff informed consent.

VI. <u>PRAYERS FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Declare that the acts and failures to act described herein violated Plaintiff's rights under the U.S. Constitution and laws of the United States;

B. Order Defendants Sukowaty,Acker and Weinman to each pay the Plaintiff compensatory damages in the amount of $250,000,00 and punitive damages in an amount to be determined.

C. Order Defendants to pay reasonable cost and fees, including Attorney fees, expert witness fees should they become applicable in the future;

D. That a Bench be scheduled;

E. Grant such other just and equitable relief that this Honorable Court deems necessary.

PURSUANT TO 28 U.S.C. §1746, I DECLARE UPON PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Date this 27 Day of February ,2023.

Respectfully Submitted By:

DANA I. GORNEY
NOTARY PUBLIC
STATE OF WISCONSIN

Dana I Gorney
2/27/23

James R.washington, Pro Se.
Columbia Correctional Inst
P.O. Box #900
Portage, WI 53901-0900

(8)